# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case number 4:17mc00609 PLC |
| ) | |
| TWO THOUSAND FOUR DOLLARS ) | |
| ($2,004.00) U.S. CURRENCY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff United States of America filed a second motion to extend time to file complaint in forfeiture ("Government's second motion") [ECF No. 4]. Michael Nelson and Natasha Nelson ("Claimants") oppose the motion, asking the Court to deny it and order the return of the seized property [ECF No. 5].

### I.  Background

On October 11, 2017, the Government initiated this proceeding by filing a motion to extend time to file a civil complaint for forfeiture ("Government's first motion") [ECF No. 1]. In particular, the Government asked the Court to extend until January 23, 2018, the deadline for the filing of either a complaint for forfeiture or criminal charges related to two seizures of property in May 2017. Claimants filed a response to the motion after the Court granted the motion.[1] The Government now seeks an extension until April 23, 2018 to file a complaint against the seized property and/or to return criminal charges. Claimants timely opposed the motion.

A review of the Government's motions reveals that this action arises out of investigators' seizure of $2,004.00 in United States currency and six specifically described items of jewelry on

---

[1] See Order, filed Oct. 11, 2017; Response to motion, filed October 25, 2017 [ECF No. 3].

May 19, 2017, as well as the investigators' seizure of $72,977.58 in United States currency on May 23, 2017.[2] On July 27, 2017 and August 7, 2017, Mr. Nelson and Ms. Nelson, respectively, each filed an administrative claim to the seized property with the Drug Enforcement Administration ("DEA").[3] To maintain possession of the seized property, the Government needed to file either a civil complaint for forfeiture or criminal charges within ninety days after July 27, 2017, or by Wednesday, October 25, 2017.[4]

As the Government states in its motions, 18 U.S.C. Section 983(a)(3)(A) allows a court in the district where a civil forfeiture complaint will be filed to extend the period for filing a complaint by agreement of the parties or "for good cause shown."[5] The Government argues that the "requested extension is in the interest of justice insofar as it avoids the need for duplicative actions and thereby conserves judicial and other governmental resources."[6] More specifically, the Government asserts (1) it has "an ongoing criminal investigation regarding the conduct giving rise to the forfeiture of the property," and (2), "[i]f a civil complaint is filed, any discovery in [the] civil case would impede the Government's ability to conduct its ongoing criminal investigation and would also create a burden on [each] claimant's right against self-incrimination."[7] Additionally, the Government contends that, if the property is returned to "the claimant[s,] there would be no assurance that the property would be available as evidence in any

---

[2] Govt's mots. para. 1 [ECF Nos. 1 and 4].

[3] Gov't's mots. paras. 5.

[4] Gov't's mots. paras. 6-8, citing 18 U.S.C. §§ 983(a)(3)(A) and 983(a)(3)(B).

[5] Gov't's mots. para. 6, quoting 18 U.S.C. § 983(a)(3)(A).

[6] Gov't's mots. para. 10.

[7] Gov't's mots. para. 9.

subsequent court proceedings."[8] The Court granted the Government's first motion upon concluding good cause existed due an "ongoing criminal investigation, the potential unavailability of the property in future forfeiture proceedings, and the avoidance of duplicative actions."[9]

Claimants argue the Court should deny the Government's second motion and require return of the seized property "assuming that no valid reasons exist for the extensive delay" and because "[e]quity demands" it. In its reply, the Government provides more details of the circumstances resulting in the seizure of the relevant property, reports "the grand jury investigation into the matter is ongoing and moving to resolution," argues courts "routinely find that the existence of an ongoing criminal investigation is 'good cause' for extending the time . . . to file a civil forfeiture complaint," contends its other reasons for the extension also constitute good cause for an extension, and urges return of the property is not required when the Government "is pursuing a civil forfeiture action."[10]

The statute, 18 U.S.C. § 983(a)(3)(A), does not explicitly define the matters a court may or must consider to ascertain what constitutes "good cause" for an extension of time to file a civil forfeiture action or obtain a criminal indictment pertaining to conduct related to the property seizure. See, e.g., United States v. One Hundred Forty Thousand Dollars in United States Currency, No. 06-CV-3247 (NG) (RLM), 2007 WL 2261650, at *8 (E.D. N.Y. Aug. 2, 2007) ("One Hundred Forty Thousand Dollars") (noting Section 983(a)(3)(A) does not define "good

---

[8] Gov't's mots. para. 9.

[9] Order Extending Time for Filing Complaint for Forfeiture, filed Oct. 11, 2017 [ECF No. 2].

[10] The Government also challenges Claimants' standing to oppose the requested extension and asks the Court to treat the second motion as filed under seal and *ex parte* although the Government served a copy of the second motion on Claimants and their attorney. Gov't's reply at 2-3 [ECF No. 6]; Certificate of service for Gov't's second mot. [ECF No. 4]. Assuming *arguendo* that Claimants properly responded to the motion after receiving notice of the motion, the Court addresses the dispute about the Government's showing of good cause for the requested extension.

cause"). Based on the Government's assertion that it is engaged in an ongoing criminal investigation "regarding the conduct giving rise to the forfeiture of the property"; to avoid problems that may arise when a criminal investigation occurs while a related civil case is pending; and to assure the availability of the seized property for subsequent related judicial proceedings, the Court finds there is good cause for the Government's second requested extension. See id. at 8-9 (concluding the Government's showing that an extension was required "based on the necessity of protecting an ongoing investigation" constituted "good cause").[11] Therefore, after careful consideration,

**IT IS HEREBY ORDERED** that the Government's second motion for an extension of time [ECF No. 4] is **GRANTED**.

**IT IS FURTHER ORDERED** that the period in which the United States is required to file a Complaint against the seized property and/or to return criminal charges is extended until April 23, 2018.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 23rd day of January, 2018

---

[11] Because an extension of time is supported by the circumstances, the Court need not address Claimants' argument that the seized property should be returned to them at this time.